IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs. **Case No. 11-40088-02-RDR**

JUSTIN EDWARD HORNBACK,

        Defendant.

### **O R D E R**

This case is before the court upon defendant's unopposed motion to continue the trial currently set for February 21, 2012. Doc. No. 37. Defendant asks for the continuance on the grounds that the parties are considering a non-trial resolution of the charges. More specifically, the parties are considering a possible diversion agreement, but are awaiting a report from the Probation Office. Defendant asks for a continuance of 60 days. This is defendant's first request for continuance of the trial.

Upon review, the court shall grant defendant's motion for a continuance. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to

grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case. Defendant is facing charges connected to the theft of firearms from a licensed firearms dealer. This does not appear to be a complex case. Nevertheless, after full consideration, the court finds that the denial of the requested continuance may deny defendant the time necessary to adequately consider whether to proceed to trial and how to prepare for trial, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. The court has no grounds to believe that defendant is a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in

the interests of justice which outweigh the interests of the public and the defendant in a speedy trial.  Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion (Doc. No. 37) shall be granted and the trial of this case shall be continued to April 24, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2012 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge